UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TECHNICAL WORLD INDUSTRIAL INC. and TROY WHITE,<br><br>　　　　　　Defendant,<br>　v.<br><br>FIRST MIDWEST BANK,<br><br>　　　　　　Citation-Respondent. | Case No. 13 CV 6253 |

## MOTION FOR ENTRY OF JUDGMENT AND TURNOVER AGAINST FIRST MIDWEST BANK

NOW COME the Plaintiffs, the Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan ("Trustees"), and for their Motion To Enter Judgment and Turnover against Citation-Respondent, First Midwest Bank ("Bank"), in the sum of $9,020.11 plus any additional amounts withheld by Bank up to the amount of $27,538.42, state as follows:

1. A Consent Judgment was entered in favor of the Trustees and against Defendants, TWI and White, in the United States District Court for the Eastern District of Pennsylvania on July 19, 2013 in the amount of $7,021.40. ("Judgment"). The Judgment also included a provision for supplemental judgment to be entered for any additional amounts found due in an audit performed for the period of January 1, 2011 through April 30, 2013 including but not limited to contributions

shown due on the audit, interest, liquidated damages, and audit fees. On September 3, 2013, Plaintiffs registered the Judgment in this District.

2. Interest in the amount of $242.64 has accrued on the foregoing judgment. See attached Exhibit A: Affidavit of Robert Betts, ¶15. The audit that was performed for the period of January 1, 2011 through April 30, 2013 shows that Defendants owed contributions shown due on the audit, interest, liquidated damages, and audit fees in the amount of $18,374.30. Defendants also owe $2,900.08 in attorneys fees and costs for a total of $28,538.42. Given all credits due Defendants, there is owed to Plaintiffs the sum of $27, 538.42.

3  A Citation to Discover Assets was served on First Midwest Bank. See attached Exhibit B.

4  A copy of the Citation to Discover Assets and Third-Party Citation Notice was served upon Defendant. See attached Exhibit C.

5  First Midwest Bank is currently holding at least the sum of $9,020.11. See attached Exhibit D.

6  Plaintiffs seek entry of judgment and a turnover order against First Midwest Bank in the amount of $9,020.11 plus any additional amounts withheld by Bank up to the amount of $27,538.42 .

7  Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, the procedure of this court in "proceedings supplementary to and in aid of judgment...shall be in accordance with the practice and procedure of the state in which the district court is held."

8. Pursuant to Illinois Supreme Court Rule 277(h), this Honorable Court may require the turnover and sanction of contempt as provided as against any person who fails to obey "any

order to deliver up or convey or assign any personal property. ...The court may also enforce its order by execution against the real and personal property of that person".

9   Pursuant to 735 ILCS §5/2-1402(c)(4)(6), when assets of the judgment debtor are not exempt from the satisfaction of a judgment are demanded, the court is empowered by appropriate order or judgment to:

(a) Enter any order upon judgment against the person cited that could be entered in any garnishment proceeding and,

(b) Authorize the judgment creditor to maintain an action against any person or corporation that it appears upon proof satisfactory to the court, is indebted to the judgment debtor, for the recovery of the debt, forbid transfer of other disposition of the debt until an action can be commenced and prosecuted to judgment, direct that the papers or proof in the possession or control of the debtor and necessary in the prosecution of the action be delivered to the creditor or impounded in court, and provide for the disposition of any monies in excess of the sum required to pay the judgment creditor's judgment and costs allowed by the court.

WHEREFORE, Plaintiffs, the Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan ("Trustees"), respectfully move this Honorable Couirt To Enter Judgment and Turnover against Citation-Respondent, First Midwest Bank ("Bank"), in the sum of $9,020.11 plus any additional amounts withheld by Bank up to the amount of $27,538.42 and direct the Bank to immediately turn said amount to Plaintiffs' attorney in a check made payable to NEI Benefit Plans, and to award Plaintiffs such other relief deemed just and equitable.

Respectfully submitted,

TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN

By: /s/Joseph P. Berglund
     One of Their Attorneys

Joseph P. Berglund
BERGLUND ARMSTRONG & MASTNY, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523-2229
(630) 990-0234

Z:\C-Drive\WPDOCS\TRUSTEES\TECHNICAL WORLD INDUSTRIAL INC\motion for entry of judgment and turnover.againstfirstmidwestbank.wpd