IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 13 CV 6253 ) |
| TECHNICAL WORLD INDUSTRIAL INC. and TROY WHITE, | ) ) ) ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION FOR SUPPLEMENTAL JUDGMENT

NOW COME the Plaintiffs, Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan ("Trustees"), and for their Motion to Enter Supplemental Judgment against Defendants, Technical World Industrial, Inc. ("TWI") and Troy White ("White"), jointly and severally, in the amount of $21,274.38 state as follows:

1. A Consent Judgment was entered in favor of the Trustees and against Defendants, TWI and White, in the United States District Court for the Eastern District of Pennsylvania on July 19, 2013 in the amount of $7,021.40. ("Judgment"). The Judgment also included a provision for supplemental judgment to be entered for any additional amounts found due in an audit performed for the period of January 1, 2011 through April 30, 2013 including but not limited to contributions shown due on the audit, interest, liquidated damages, and audit fees. On September 3, 2013, Plaintiffs registered the Judgment in this District since Defendants failed and/or refused to pay it.

2. Even after the Plaintiffs registered the Judgment in this District, the Defendants continued in their failure and refusal to pay the Judgment. As a result, the Trustees were

required to incur attorneys' fees to collect the Judgment and file this Motion.

      3.     The audit that performed for the period of January 1, 2011 through April 30, 2013

shows that Defendants owed contributions shown due on the audit, interest, liquidated damages, and audit fees in the amount of $18,374.30. See attached Exhibit A: Affidavit of Robert Betts, ¶¶ 7, 9 and 10. In actions brought by pension plans against employers for delinquent contributions, ERISA provides that when "a judgment in favor of the plan is awarded," the court shall award: (A) the unpaid contributions, (B) interest, (C) liquidated damages (or additional interest, if greater), (D) reasonable attorney's fees and costs, and (E) any other appropriate relief. 29 U.S.C. § 1132(g)(2). This award is mandatory. See Laborers Health and Welfare Trust Fund v. Advanced Lightweight Concrete Co., 484 U.S. 539, 547 (1988) ("The special remedy against employers who are delinquent in meeting their contractual obligations that is created by § 502(g)(2) includes a mandatory award of ... attorney's fees and costs."); Plumbers' Pension Fund v. Domas Mechanical Contractors, Inc., 778 F.2d 1266, 1271 (7th Cir.1985) (stating that the award of reasonable attorney's fees is "nondiscretionary").

      4.     Defendants also owe $2,900.08 in attorneys fees and costs. See attached Exhibit B: Declaration of Joseph P. Berglund. This is an action to enforce Defendant's obligation to pay contributions pursuant to §1145 of ERISA.

> The award of attorney's fees and costs incurred in an action to enforce §1145 is statutorily mandated by Federal law. Pursuant to ERISA §§ 1132(g)(2):
>
> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--(D) reasonable attorney's fees and costs of the action, to be paid by the defendant.
>
> Given the statute, the court's have held that the mandate provided in ERISA 29 U.S.C. § 1132(g)(2) includes attorney's fees incurred in the post-judgement and appellate process. Accordingly, this

Court shall award the plaintiffs reasonable attorney's fees and costs, as requested. <u>Plumbers Pension Fund</u>, 778 F.2d 1266 (7th Cir.1985); <u>Southwest Administrators,</u> 791 F.2d 769 (9th Cir.1986).

<u>Martin v. Graman Construction Co.</u>, 1992 WL 137374, *1-2 (N.D. Ill. June 1, 1992, Judge Ann Claire Williams).

5. The Trustees incurred attorneys' fees in the amount of $2,655.00 and $245.08 costs for a total of $2,900.08. Attached hereto as Exhibit B is the Declaration of Joseph P. Berglund, who has twenty-four (24) years of experience in matters of this type of litigation. The Declaration of Joseph P. Berglund documents that the attorneys' fees incurred by the Trustees are reasonable and necessary.

WHEREFORE, Plaintiffs, Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan, move this Honorable Court to enter supplemental judgment in the total amount of $21,274.38 against Defendants, Technical World Industrial, Inc. and Troy White, jointly and severally, and for such other relief deemed just and equitable.

Respectfully submitted,

TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN

By:    /s/ Joseph P. Berglund
      Joseph P. Berglund, One of Their Attorneys

Joseph P. Berglund
BERGLUND ARMSTRONG & MASTNY, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523-2229
Tel. (630) 990-0234

Z:\C-Drive\WPDOCS\TRUSTEES\TECHNICAL WORLD INDUSTRIAL INC\motionforsupplementaljudgmentagainstdefendants.wpd